O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN JOSEPH BACCARI, | ) | Case No. EDCV 13-2393 RNB |
| Plaintiff, | ) | |
| vs. | ) | ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The sole disputed issue listed in the Joint Stipulation is whether the Commissioner fulfilled his duty to develop the record as to plaintiff's physical conditions, specifically in light of (1) the failure of the Administrative Law Judge ("ALJ") to order a physical consultative examination; and (2) the Appeals Council's denial of review despite submission of additional evidence. (See Jt Stip at 4.) The Court now rules as follows with respect to that issue.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance

1

A. <u>The ALJ's failure to order a physical consultative examination</u>

It is well-established that the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered, and that this special duty exists even when the claimant is represented by counsel. See <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983); see also <u>Garcia v. Commissioner of Social Sec.</u>, 768 F.3d 925, 930 (9th Cir. 2014). "An ALJ's duty to develop the record further is triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." See <u>Mayes v. Massanari</u>, 276 F.3d 453, 459-60 (9th Cir. 2001).

However, the ALJ has broad latitude in ordering a consultative examination, and a claimant does not have an affirmative right to have a consultative examination performed by a chosen specialist. See <u>Reed v. Massanari</u>, 270 F.3d 838, 842 (9th Cir. 2001). Rather, a consultative examination is appropriate when there is an "ambiguity or insufficiency in the evidence that must be resolved." See <u>id.</u> Here, there was no ambiguity or insufficiency in the evidence that needed to be resolved through a physical consultative examination. Although plaintiff points out that the ALJ found that "there are sparse medical treatment for any physical conditions" (<u>see</u> Jt Stip at 6, 10; <u>see also</u> AR 33), the Court does not construe the ALJ's finding as a statement that there was an ambiguity or insufficiency in the evidence that needed to be resolved. Rather, the Court construes the ALJ's finding of sparse treatment notes as a summary of the ALJ's other findings, such as (1) no objective medical evidence supported a finding that plaintiff's shoulder condition has lasted or can be expected to last for 12 continuous months; (2) no objective evidence existed of a diagnosis corroborating plaintiff's complaint of right ankle pain and the condition therefore was non-severe;

---

with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

(3) no objective evidence corroborated plaintiff's subjective complaints of medication side effects; and (4) no physician had endorsed the extent of plaintiff's alleged functional limitations. (See AR 27, 29.) An ALJ may so find without suggesting that the record was ambiguous or insufficient to make a disability determination. See, e.g., 42 U.S.C. § 423(d)(1)(A) (claimants must satisfy durational requirement that disability lasted or can be expected to last for at least 12 continuous months); Ukolov v. Barnhart, 420 F.3d 1002, 1005-06 (9th Cir. 2005) (ALJ's non-severity determination upheld where no objective diagnostic testing corroborated existence of a medically determinable impairment); Orteza v. Shalala, 50 F.3d 748, 751 (9th Cir. 1995) (ALJ's adverse credibility determination may account for absence of evidence of side effects from prescribed medications); Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (ALJ's rejection of allegation of disabling back impairment upheld where no physician opined that claimant's back rendered him disabled).

Accordingly, the Court finds that reversal is not warranted based on the ALJ's failure to order a physical consultative examination.

### B.    The Appeals Council's denial of review

The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Appeals Council to consider that evidence in determining whether to review the ALJ's decision. See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012). "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." See 20 C.F.R. § 404.970(b); Brewes, 682 F.3d at 1162 and n.3; Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir. 1990), overruled on other grounds by Bunnell v. Sullivan, 947 F.2d 341, 343-44 (9th Cir. 1991) (en banc).

Here, the date of the ALJ's hearing decision was July 27, 2012. (See AR 24-35.) When plaintiff sought review by the Appeals Council, he submitted, for the first

time, medical evidence that included (1) two treatment notes by Dr. Bai concerning plaintiff's right shoulder dated July 10, 2012; (2) an evaluation by a physical therapist dated August 15, 2012; and (3) a residual functional capacity questionnaire completed by Dr. Ismael on January 21, 2013. (See AR 327, 331, 334-35.) In an order issued on November 7, 2013, the Appeals Council accepted this evidence and made it part of the record. (See AR 6.)[2] However, in a separate order issued on the same day, the Appeals Council denied review after finding that plaintiff's additional evidence provided no basis for changing the ALJ's decision. (See AR 1-2.)

As a preliminary matter, the Court disagrees with the Commissioner's contention that the Appeals Council did not even have to consider this additional evidence because it post-dated the date of the ALJ's decision. (See Jt Stip at 7-8.) As noted, Dr. Bai's two treatment notes were both issued on July 10, 2012, before the date of the ALJ's decision on July 27, 2012. Although the rest of the evidence – including the physical therapist's evaluation and Dr. Ismael's opinion – was generated after the ALJ's decision, this fact alone is not dispositive of whether the evidence was chronologically relevant. See Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990) (medical report generated after issuance of ALJ's decision and submitted to Appeals Council was not necessarily chronologically irrelevant because the "timing of the examination is not dispositive of whether evidence is material"). Rather, the additional evidence is chronologically relevant if it related to a claimant's condition on or before the date of the ALJ's decision. See id. Both the physical therapist's evaluation and Dr. Ismael's opinion related to plaintiff's longstanding and chronic impairments in his shoulders and back, impairments that existed on or before the date of the ALJ's decision. (See AR 322, 334-35.) Moreover, Dr. Ismael notably

---

[2] Concurrently, the Appeals Council rejected and returned other evidence that was "about a later time" than the ALJ's decision. (See AR 2.) This other evidence is not relevant to the parties' disputed issue.

stated that his opinion was retroactive to October 18, 2010 (see AR 335), well before the date of the ALJ's decision on July 27, 2012. Accordingly, the Court finds that this evidence was chronologically relevant and that the Appeals Council therefore should have considered it. See Farrell v. Astrue, 692 F.3d 767, 771 (7th Cir. 2012) (evidence submitted to Appeals Council that post-dated ALJ's decision nonetheless related to the period on or before the date of ALJ's decision where the additional evidence "builds on the allusions" to a possible diagnosis from earlier medical reports); Bergmann v. Apfel, 207 F.3d 1065, 1070 (8th Cir. 2000) (same where the additional evidence concerned a "relatively longstanding" impairment); Wilkins v. Secretary, Dept. of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991) (same where additional evidence clearly related to claimant's condition prior to the rendering of the ALJ's decision); Williams, 905 F.2d at 216 (same where the additional evidence concerned a "chronic" condition); Padilla v. Colvin, 525 Fed. Appx. 710, 711, 713 (10th Cir. 2013) (same where the additional evidence corroborated diagnosis made before the hearing and related to and augmented earlier medical reports).

Moreover, the Court finds that the Appeals Council erred in finding that the additional evidence did not provide a basis for changing the ALJ's decision. (See AR 2.) The additional evidence, particularly Dr. Ismael's opinion, was directly responsive to the ALJ's explicit finding that no physician had endorsed the extent of plaintiff's alleged functional limitations. Accordingly, the Court finds that reversal is warranted based on the new and material evidence submitted to the Appeals Council. See Brewes, 682 F.3d at 1163 (reversing where Appeals Council found that additional evidence submitted to it provided no basis for changing ALJ's decision because the evidence was "directly responsive" to adverse vocational evidence relied upon by the ALJ); see also Borrelli v. Commissioner of Social Sec., 570 Fed. Appx. 651, 652 (9th Cir. 2014) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (reversing where Appeals Council summarily denied review because additional

5

evidence submitted to Appeals Council went directly to ALJ's explicit finding of an absence of recent medical evidence).

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings.

Accordingly, IT IS HEREBY ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED: November 13, 2014

*/s/ Robert N. Block*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.